# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

MARIO ALEJANDRO LOPEZ,

                   Petitioner,

    v.

BRIAN E. WILLIAMS, et al.,

                   Respondents,

Case No. 2:19-cv-01308-APG-NJK

**ORDER**

[ECF Nos. 18, 38]

This represented habeas matter under 28 U.S.C. § 2254 comes before me on the respondents' motion to dismiss (ECF No. 18) and motion to seal (ECF No. 38). I address the motion to seal at the end of this order. The main focus of this order is the motion to dismiss.

## *Background*

Petitioner Mario Alejandro Lopez challenges his 2014 Nevada state conviction by a jury of two counts of attempted murder with the use of a deadly weapon, two counts of battery with the use of a deadly weapon resulting in substantial bodily harm constituting domestic violence, one count of burglary while in possession of a deadly weapon, one count of child abuse and neglect with the use of a deadly weapon resulting in substantial bodily harm, and one count of assault with a deadly weapon. ECF No. 29-2.

The issues remaining on the motion to dismiss pertain to exhaustion, including technical exhaustion by procedural default.[1] The respondents initially sought to dismiss Grounds 2 and

---

[1] In their reply in support of the motion to dismiss, the respondents withdrew their challenge to some grounds based on untimeliness and absence of relation back. ECF No. 43, at 5.

3(b) of the second amended petition as unexhausted, and Lopez's response included argument that the claims were technically exhausted by procedural default.

In Ground 2, Lopez presents a *Brady* claim[2] in which he alleges that he was denied rights to due process and a fair trial under the Fifth, Sixth, and Fourteenth Amendments when the State allegedly concealed from the defense that the State paid witness Maria Robles' cell phone bill the day prior to her testimony for the State in its rebuttal case. ECF No. 17, at 19-35.

In Ground 3(b), Lopez alleges that he was denied effective assistance of counsel when counsel failed to appeal the state district court's denial of his motion for a new trial based upon the *Brady* claim alleged in Ground 2. *Id.*, at 39-42.

The state court procedural history pertinent to the exhaustion issues as to these claims is as follows.

According to the defense, counsel learned about the payment to Robles while the case was on appeal. On September 18, 2014, Lopez filed a motion to stay the appeal so that he could pursue a motion for new trial based on *Brady* in the district court. The stay motion was filed after the appellate fast track briefing had been completed and the appeal was submitted for decision. Lopez maintained that a grant of the motion would moot the appeal and that in the event that the motion were denied that it would be more efficient to consolidate the appeals. ECF No. 30-5.

Lopez filed the motion for a new trial in the district court on September 24, 2014. The state supreme court denied the stay motion the next day, while Lopez' time to reply to the State's opposition to that motion still was running. The state supreme court based the denial in part on the premise that Lopez had not filed a motion for a new trial. Lopez informed the court that he

---

[2] *See Brady v. Maryland*, 373 U.S. 83 (1963).

1 in fact had done so in his reply but to no avail.  The state supreme court issued its order of

2 affirmance on the direct appeal on October 16, 2014. ECF Nos. 30-6 to 30-9 & 30-11.

3        Thereafter, while proceedings still were ongoing in the state district court on the motion

4 for new trial, Lopez filed a *pro se* state postconviction petition and requested appointment of

5 counsel on the petition.  Premised upon a conflict of interest created by allegations of ineffective

6 assistance in the petition, the state district court appointed substitute counsel, Lucas Gaffney, to

7 represent Lopez on both the motion for a new trial and the petition.  Gaffney filed a supplemental

8 brief in support of the motion for new trial, and the state district court denied the motion.

9 Gaffney did not file a notice of appeal from the denial of the motion for new trial. ECF Nos. 32-

10 2, 32-4, 32-7, 32-8 & 32-10.

11 *Discussion*

12        Lopez contends that Ground 2 is actually exhausted or, in the alternative, it is technically

13 exhausted by procedural default.  He does not contend that Ground 3(b) is actually exhausted,

14 and he thus relies solely on technical exhaustion by procedural default as to that claim.

15 *Actual Exhaustion as to Ground 2*

16        A habeas petitioner must exhaust state court remedies on a claim before presenting that

17 claim to the federal courts. 28 U.S.C. § 2254(b)(1)(A).  To satisfy this exhaustion requirement,

18 the claim must have been fairly presented to the state courts completely through to the highest

19 state court level of review available. *See, e.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th

20 Cir. 2003) (*en banc*); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003).  In the state courts,

21 the petitioner must refer to the specific federal constitutional guarantee upon which he relies and

22 must also state the facts that entitle him to relief on that federal claim. *See, e.g., Shumway v.*

23 *Payne*, 223 F.3d 983, 987 (9th Cir. 2000).  That is, fair presentation requires that the petitioner

present the state courts with both the operative facts and the federal legal theory upon which the claim is based. *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). The exhaustion requirement ensures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

Under *Rose v. Lundy*, 455 U.S. 509 (1982) and following cases, a mixed petition presenting unexhausted claims must be dismissed unless the petitioner dismisses the unexhausted claims or seeks other appropriate relief, such as a stay to return to the state courts to exhaust the claims.

Lopez contends that he fairly presented and exhausted Ground 2 by filing the motion for a stay based on the *Brady* claim. Lopez maintains that (a) he thereby apprised the state supreme court of the factual and legal basis for the *Brady* claim, and (b) the supreme court could have considered that underlying claim but did not do so based on the erroneous premise that he had not filed a motion to stay in the district court when he in fact had done so (one day prior to the supreme court's order). Lopez urges that all that he had "to do is give the court the chance to rule on his claim" and that "[h]e did just that." ECF No. 37, at 12-15.

I am not persuaded that the stay motion fairly presented any claim to the state appellate courts for a decision on the merits. Presenting a claim in a procedural context in which the merits of the claim will not be considered, or will be considered only in special circumstances, does not constitute fair presentation of the claim. *Castille v. Peoples*, 489 U.S. 346, 351 (1989). The motion to stay did not even purport to request that the state supreme court decide the *Brady* claim on the merits. The motion asked the court to stay a pending appeal directed to *other* claims while Lopez first went to *the district court* to present the *Brady* claim to *that* court. There

4

1   is no viable reading of that motion as requesting the Supreme Court of Nevada to decide the

2   *Brady* claim on the merits right then and there based on the purely procedural.  No such request

3   was made.

4         It is not my role to adjudicate the fairness or correctness of how the state supreme court

5   decided a purely discretionary decision whether to grant a procedural motion to stay the pending

6   direct appeal.[3]  The only issue before me is exhaustion.  Filing a procedural motion to stay,

7   regardless of whether or not it should have been granted or whether it was denied for the right

8   reason, does not fairly present the *Brady* claim to the state courts for a decision on the merits of

9   the *Brady* claim.  The mechanism for Lopez to present the *Brady* claim to the state appellate

10  courts for a decision on the merits was, among other ways, an appeal from the district court's

11  ultimate decision on the motion.  Indeed, the very reason for the stay motion was premised on

12  Lopez doing exactly that: bringing the issue before the supreme court, if necessary, by a later

13  appeal.  The purely procedural stay motion presented no claim to the state supreme court for a

14  decision on the merits.  Ground 2 is not actually exhausted.

15  ***Technical Exhaustion as to Ground 2***

16        If a claim would be barred by procedural default in the state courts, then the claim is

17  technically exhausted.  The Nevada state courts generally recognize substantially the same bases

18  for potentially overcoming a procedural default under Nevada state law as do the federal courts

19  under federal procedural default doctrine.  This court therefore has rejected attempts by habeas

20

21        [3] Nothing about the state supreme court's decision denying the motion to stay—even if
    based in part on an incorrect premise that missed a motion filed in the lower court one day
22  before—precluded Lopez from proceeding with the motion for a new trial and a following appeal
    presenting the *Brady* claim on the merits.  Lopez in fact pursued the motion for a new trial in the
23  district court, but then did not appeal its decision on the motion.  The denial of the stay did not
    preclude another appeal that would fairly present the *Brady* claim to the state appellate courts for
    a decision on the merits.

1    petitioners to claim technical exhaustion by procedural default while at the same time seeking to

2    overcome the procedural default in federal court on a basis that the Nevada state courts also will

3    consider if given the opportunity to do so.  That is, petitioners cannot "have it both ways" by

4    arguing technical exhaustion by procedural default on the premise that the state courts would bar

5    the claim while seeking to present a basis for overcoming the default in federal court that the

6    state courts also recognize.  In that circumstance, either (a) the claim is not technically exhausted

7    because the petitioner in fact has an argument for potentially overcoming the procedural default

8    that the state courts do consider, or (b) the claim instead is technically exhausted but is

9    conclusively procedurally defaulted because he has no such argument.

10         The principal exception to this framework is due to the fact that the Nevada state courts

11   do not recognize the rule in *Martinez v. Ryan*, 566 U.S. 1 (2012), as a basis for overcoming state

12   procedural bars.  In that circumstance, a Nevada habeas petitioner properly can establish

13   technical exhaustion by procedural default while at the same time seeking to overcome the

14   default in federal court premised upon the *Martinez* argument, because the state courts do not

15   also follow *Martinez. See generally Rodriguez v. Filson*, No. 3:15-cv-00339-MMD-WGC, 2017

16   WL 6762466, at *4-6 (D. Nev. Dec. 29, 2017); *Myers v. Filson*, No. 3:14-cv-00082-MMD-VPC,

17   2017 WL 5559954, at *2-4 (D. Nev. Nov. 17, 2017).[4]

18   ───────────────────

19        [4] As more general backdrop, under the procedural default doctrine, federal review of a
     habeas claim may be barred if the state courts rejected the claim on an independent and adequate
20   state law procedural ground.  Review of a defaulted claim will be barred even if the state court
     also rejected the claim on the merits in the same decision.  Federal habeas review will be barred
21   on claims rejected on an independent and adequate state law ground unless the petitioner can
     demonstrate either: (a) cause for the procedural default and actual prejudice from the alleged
22   violation of federal law; or (b) that a fundamental miscarriage of justice will result in the absence
     of review. *Bennett v. Mueller*, 322 F.3d 573, 580 (9th Cir. 2003).

23        To demonstrate cause, the petitioner must establish that some external and objective
     factor impeded his efforts to comply with the state's procedural rule. *Murray v. Carrier*, 477
     U.S. 478, 488 (1986); *Hivala v. Wood*, 195 F.3d 1098, 1105 (9th Cir. 1999).  To demonstrate

1   Lopez seeks to figuratively thread this needle by maintaining, among other things, that he

2   could not establish cause and prejudice in the state courts on a *Brady* claim but that he

3   nonetheless could establish cause and prejudice in federal court on a different basis.  His

4   suggested logic runs as follows: (1) on an otherwise defaulted *Brady* claim in Nevada state court,

5   a petitioner can establish cause by the State's withholding of the evidence and prejudice by the

6   materiality of the evidence; (2) he allegedly cannot establish materiality because the state district

7   court held after an evidentiary hearing on the new trial motion that the withheld evidence was not

8   material under *Brady*; (3) even if he could show materiality in state court, when a petitioner

9   relies on a *Brady* argument to show cause, the claim also must be raised within a reasonable time

10  following the discovery of the withheld evidence in order to overcome the default, and Lopez

11  cannot satisfy that requirement now five years later; (4) if he could overcome those hurdles, the

12  "law of the case" doctrine would prevent him from relitigating the *Brady* claim in a state

13  postconviction petition because he previously litigated the claim in the motion for new trial; and

14  (5) he nonetheless can establish cause and prejudice in federal court because (a) the state district

15  court allegedly improperly removed his original counsel and appointed substitute counsel after

16  he filed a state petition alleging ineffective assistance, and (b) substitute counsel Gaffney in turn

17  had a conflict of interest because he was serving as both replacement counsel on the motion for

18  new trial and postconviction counsel. ECF No. 37, at 15-23.

---

19

20  prejudice, he must show that the alleged error resulted in actual harm. *Vickers v. Stewart*, 144 F.3d 613, 617 (9th Cir. 1998).   Both cause and prejudice must be established. *Murray*, 477 U.S. at 494.

21

22  Under *Coleman v. Thompson, supra*, alleged ineffective assistance of postconviction counsel generally does not qualify as cause to overcome a procedural default. 501 U.S. at 752-57.  *Martinez* established a limited exception to this rule under which a petitioner in certain

23  circumstances could rely on alleged ineffective assistance of counsel in an initial-review collateral proceeding to overcome the procedural default of a claim of ineffective assistance of counsel at trial. *See generally Rodney v. Filson*, 916 F.3d 1254, 1259 (9th Cir. 2019).

There are multiple flaws with Lopez's suggested logic.  First, the doctrine of law of the case has nothing to do with this *Brady* claim.  That doctrine applies to prior *appellate* holdings in the case. *Hsu v. County of Clark*, 123 Nev. 625, 629-30, 173 P.3d 724, 728 (2007); *Hall v. State*, 91 Nev. 314, 315-16, 535 P.2d 797, 798 (1975).  There was no appellate holding on the *Brady* claim because Lopez never presented that claim to the state appellate courts, and the appellate courts would not be barred by a district court holding from a prior proceeding that was not appealed.  Law of the case therefore does not provide a reason why Lopez could not overcome a procedural default even if he were able to demonstrate cause and prejudice in the state courts.[5]

Second, Lopez's arguments regarding use of the merits of the *Brady* claim to establish cause and prejudice (a) are not hurdles specific to only state court but not federal court, and (b) do not cover all potential bases for establishing cause and prejudice in the state courts.  In any court, state or federal, an attempt to overcome procedural bars by arguing the merits of the *Brady* claim would beg the question.  Lopez already had discovered the withheld evidence and raised the *Brady* claim.  The procedural default arose instead because Lopez did not appeal the denial of the motion for new trial and also did not timely raise the *Brady* claim in state postconviction proceedings thereafter.  Establishing that the State had withheld the evidence and that Lopez

---

[5] The unpublished state decisions cited by Lopez in his opposition are consistent with this analysis. *See* cases cited in ECF No. 37, at 16.  Both decisions applied the law of the case doctrine following a prior state court appellate holding.  And Lopez's citation form incorrectly suggests that the first cited unpublished decision is a state supreme court decision rather than instead a decision by the state court of appeals.  Neither unpublished decision properly could be cited in the state courts as precedent, as the state supreme court decision was issued prior to January 1, 2016. *See* Nev. R. App. Pro. 36(c)(3) (precluding citation, for precedential or persuasive authority, to state supreme court decisions decided prior to January 1, 2016, and unpublished court of appeal decisions from any time).  The unpublished decisions thus could not override the extensive published authority by the Supreme Court of Nevada applying the law of the case doctrine only to prior appellate holdings, even if the two unpublished decisions had stated or implied something to the contrary.

1    timely raised the claim initially after discovery of the evidence would not establish cause in

2    either state or federal court for a procedural default based on those failures because those points

3    had nothing to do with the failure to appeal or timely present the claim in postconviction

4    proceedings.  That is, Lopez already had overcome the obstacles presented by the circumstances

5    of the *Brady* claim to present the claim in the motion for a new trial.  Those initial obstacles,

6    which he already had overcome, do not and cannot establish cause, in either state or federal

7    court, for his failure to pursue the claim thereafter in a timely appeal or timely postconviction

8    petition.

9         Lopez's attempt to couch his only possible cause-and-prejudice arguments in the state

10   courts within the bounds of an argument based on the merits of the *Brady* claim thus does not

11   work.  The difficulties that he identifies would apply in federal court as well, because an

12   argument premised on the underlying merits of the *Brady* claim does not line up with the

13   procedural defaults in question.  Nor is the general cause-and-prejudice standard in the state

14   courts limited to only an argument based on the merits of *Brady*.[6]

15

16        [6] The district court's holding of non-materiality on the motion for new trial would not
     preclude Lopez from convincing a state *appellate* court that the withheld evidence was material.
17   It would still be possible for Lopez to establish materiality on state appellate review to the extent
     that that issue had an impact on his ability to show prejudice to overcome a procedural default.
18   Lopez certainly would not argue that the district court's non-materiality holding was binding in
     all later proceedings in all courts, which then would preclude him prevailing on the merits of the
19   *Brady* claim itself.  If anything, review in federal court potentially would be more constrained
     than in the state appellate courts given the statutorily-required federal habeas deference to state
20   court findings of fact.  The state district court's non-materiality legal holding, however, binds no
     other court.

21        In this regard, in federal court, Lopez cannot rely on Gaffney's alleged ineffective
     assistance in not appealing the denial of the motion for new trial to establish cause for that
22   default because, as is discussed *infra*, that ineffective-assistance claim in Ground 3(b) itself is not
     exhausted. *See, e.g., Cockett v. Ray*, 333 F.3d 938, 943 (9th Cir. 2003) (for a claim to serve as
23   cause to overcome the procedural default of another claim, the claim must be exhausted as an
     independent claim and must not itself be procedurally defaulted).  And Lopez of course does not
     even attempt to invoke the *Martinez* rule as a basis for overcoming the procedural default of

1    Third, and this is the most critical logical flaw, Lopez does not present argument

2 supported by state court authority establishing that the alternative cause-and-prejudice arguments

3 that he seeks to present now in federal court would not be considered also by the state courts as a

4 basis for overcoming the procedural default.  He posits that federal courts apply a different

5 standard than the state courts but he then cites to the general federal cause-and-prejudice

6 standard that is the same cause-and-prejudice standard applied in the state courts. *Compare* ECF

7 No. 37, at 17, *with Myers, supra*, at *3 n.4.  Again, to establish technical exhaustion, Lopez must

8 establish that the state courts would not consider the cause-and-prejudice argument that he seeks

9 to pursue in federal court. *Accord* ECF No. 37, at 15 ("In order to be technically exhausted, there

10 must be no path for consideration of the claim in state court.").  Merely articulating a less

11 common cause-and-prejudice argument does not establish that the state courts would not also

12 consider such an argument.  Lopez has not established that critical point here.  At bottom, his

13 arguments seek to overcome the procedural default ultimately under the same long-established

14 general cause-and-prejudice standards that apply in both federal court and Nevada state court.

15    Absent a showing that he is relying on an argument to overcome a procedural default that

16 the Nevada state courts will not consider, such as a *Martinez*-based argument, Lopez does not

17 establish technical exhaustion by procedural default in this context. *See generally Rodriguez,*

18 _____

Ground 2 because *Martinez* does not apply to a substantive claim such as Ground 2.  Lopez faces
19 substantial difficulties in establishing cause-and-prejudice in any court, and the specific hurdles
that he mentions in his briefing are not limited to the state courts as opposed to federal court.
20 Nor does his *Brady*-based argument cover all of the potential arguments for overcoming a
procedural default that could be presented in the state courts.

21    In their reply, the respondents discuss only the application of *Martinez* to Ground 2. ECF
No. 43, at 3-4.  Lopez relied on *Martinez* only as to Ground 3(b), not Ground 2.  The
22 respondents' argument thus does not pertain to the issue actually presented.  Particularly given
the respondents' failure to correctly construe Lopez' arguments, I am not persuaded by the
23 respondents' suggestion that Lopez' arguments have established that the claims are conclusively
procedurally defaulted in federal court at this point. *Cf. id.*, at 3.

1   *supra; Myers, supra*.[7]  Lopez has not made such a showing here.  Ground 2 thus also is not

2   technically exhausted by procedural default, and the ground therefore remains unexhausted.

3       ***Technical Exhaustion as to Ground 3(b)***

4       Lopez does not maintain that Ground 3(b) is actually exhausted, and the only argument

5   that he presents to overcome a procedural default that is supported by legal citation relies on

6   *Martinez*.  If *Martinez* were applicable to Ground 3(b), then Lopez would be able to successfully

7   establish technical exhaustion while still challenging the procedural default in federal court.  But

8   *Martinez* does not apply to Ground 3(b).

9       Ground 3(b) alleges that Lopez was denied effective assistance of counsel when

10   substitute counsel Gaffney did not appeal the state district court's denial of Lopez' motion for a

11   new trial.  In *Davila v. Davis*, 137 S.Ct. 2058 (2017), the Supreme Court held that the *Martinez*

12   rule did not extend to claims of ineffective assistance of appellate counsel as opposed to claims

13   of ineffective assistance at trial.  In *Davila*, the petitioner alleged that appellate counsel was

14   ineffective for failing to raise specific claims in a timely perfected direct appeal.  In this case,

15   Lopez appears to be proceeding on the unstated assumption that *Martinez* extends to the current

16   situation because Gaffney allegedly instead was acting as "trial counsel" rather than "appellate

17   counsel" when he failed to appeal the denial of the motion for a new trial in the first instance.

18   *Davila* emphasizes, however, that *Martinez* is limited to claims of trial error by counsel, *i.e.*,

19

20     [7] If the petitioner establishes that he cannot overcome the procedural default in the state
courts for reasons that apply equally in federal court, he then will have established technical

21   default by procedural default but also that the claim should be dismissed with prejudice as
procedurally defaulted.  To instead overcome the exhaustion defense by technical exhaustion

22   while still being able to potentially overcome the procedural default in federal court, the
petitioner must rely on a basis, such as *Martinez*, that is recognized in federal court but not the

23   Nevada state courts.  Premising an argument on the same general cause-and-prejudice standard
that is applicable in both court systems is unpersuasive in that regard because that argument does
not establish that the petitioner has no potential path to relief in the state courts.

failures by counsel "at trial." 137 S.Ct. at 2065-67. A failure to appeal the denial of a post-judgment motion is not a trial error. Every point relied upon by the Supreme Court in its rationale in *Davila* leads away from, rather than toward, a conclusion that *Martinez* extends to a failure to file a direct appeal.[8] Lopez presents no argument addressing *Davila* that would lead to a different conclusion.

Accordingly, on the showing and argument made, Lopez has not established that Ground 3(b) is technically exhausted by procedural default on a basis where the procedural default potentially can be overcome on an argument that is recognized only in federal court. I will grant the respondents' motion to dismiss as to this claim vis-à-vis an unexhausted claim but will not proceed further than that on the briefing presented. The respondents did not seek dismissal in the motion on the basis of procedural default, and they addressed that issue only in response to Lopez' technical-exhaustion argument. On the record and argument presented, I will not hold more than that Ground 3(b) is not exhausted.[9]

---

[8] For example, the Supreme Court noted that *Martinez* allowed petitioners to rely on ineffective assistance of postconviction counsel to establish cause and prejudice to overcome the procedural default of claims of trial error by counsel only in states where state law required petitioners to defer such trial-error IAC claims to postconviction review. In contrast, claims of ineffective assistance of appellate counsel could not be raised until postconviction review due to the nature of the claim, rather than by a requirement imposed by state procedural law. 137 S.Ct. at 2068. Similarly, a claim that counsel failed to file a direct appeal cannot be raised until postconviction review simply by virtue of the inherent nature of the claim: by definition the claim cannot be presented prior to postconviction review. In this regard, I do not believe that whether a lawyer is labeled as "trial counsel" or "appellate counsel" in various contexts is as important to the application of *Martinez* as is what counsel was doing or not doing at the pertinent time. A failure to file an appeal is not a trial error by counsel. *See also McClain v. LeGrand*, No. 3:14-cv-00269-MMD-CLB, 2019 WL 6829950, at *9 (D. Nev. Dec. 13, 2019) (discussing but not resolving the application of *Martinez* in a related context).

[9] I understand that navigating the relationship between exhaustion and procedural default in a motion to dismiss can be problematic for habeas respondents because petitioners may seek to rely on the respondents' procedural-default argument to establish technical exhaustion. Alternative argument and careful wording are the solution to that quandary. At least in this

1   I THEREFORE ORDER that the respondents' motion to dismiss **(ECF No. 18) is**

2   **GRANTED IN PART.**  I hold that Grounds 2 and 3(b) are not exhausted.  The entire petition

3   will be dismissed unless, **by May 3, 2021**, Lopez either dismisses the unexhausted claims or

4   seeks other appropriate relief, such as a stay.

5   I FURTHER ORDER that the respondents' motion to seal **(ECF No. 38) is GRANTED**

6   with respect to the exhibit filed under seal at ECF No. 39.  In accordance with Local Rule LR IC

7   6-1 and the requirements of *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir.

8   2006), I find that a compelling need to protect privacy interests and personal identifying

9   information outweighs the public interest in open access to court records.

10  Dated: March 31, 2021.

11

12  _____
    ANDREW P. GORDON
    UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

particular case, I will not grant relief—dismissal with prejudice for procedural default—that was
sought for the first time in the reply rather than in the motion.